IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDRICK G. WILBERT | § | |
|     TDCJ-CID #934364 | § | |
| v. | § | C.A. NO. C-08-341 |
| | § | |
| NATHANIEL QUARTERMAN, ET AL. | § | |

## ORDER

Plaintiff is a state inmate who filed a civil rights action pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for an extension of time to file a response. (D.E. 25).

On December 29, 2008, defendant Nathaniel Quarterman filed an answer. (D.E. 21). On December 30, 2008, he filed a motion to dismiss. (D.E. 23). In plaintiff's pending motion, he seeks an extension of time to file a reply to the answer as well as a response to the motion to dismiss. (D.E. 25). Specifically, he seeks until February 27, 2009 to file a reply and response. Id. at 1.

Rule 7 of the Federal Rules of Civil Procedure addresses the filing of pleadings, including the filing of answers. In relevant part, it states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added). Rule 7 was created in order to make federal litigation more efficient. 5 Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1181 (3d ed. 2004).

Pursuant to the Federal Rules of Civil Procedure, a reply to an answer is unnecessary. Garner v. Morales, 237 F.R.D. 399, 400 (S.D. Tex. 2006) (citation omitted). "More important, Rule 7(a) establishes that plaintiffs may not file a reply to an answer except in specific circumstances" generally a court order for such a reply. Id. (citations omitted).

Because plaintiff is proceeding pro se, his pending motion is construed as a motion for leave to file a reply to the answer. Rule 7(a) provides judges with discretion to allow the filing of a reply to an answer. Here, however, plaintiff has failed to provide any reason a reply is necessary. "Indeed, such replies typically do not enhance the efficiency of the litigation." Id. (citation omitted). Accordingly, plaintiff's motion for an extension of time to file a reply to defendant Quarterman's answer is hereby DENIED.

In defendant Quarterman's motion to dismiss, he alternatively moves for summary judgment. (D.E. 23, at 15). His motion to dismiss relies in part on an exhibit containing matters outside the pleadings. Id. at 13; see also (D.E. 21, Ex. A, at 5-15). Accordingly, defendant's motion will be treated as one for summary judgment. See Fed. R. Civ. P. 12(d). Plaintiff's motion for an extension of time to file a response to defendant Quarterman's dispositive motion is hereby GRANTED. Plaintiff will have until February 27, 2009 to file any response.

ORDERED this 9th day of January 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE