IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FREDRICK GLENN WILBERT, §
§
v. § C.A. NO. C-08-341
§
NATHANIEL QUARTERMAN, ET AL. §

**MEMORANDUM AND RECOMMENDATION**
**DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C.

§ 1983.  On December 24, 2008, plaintiff filed a motion for default judgment.

(D.E. 20).  For the following reasons, it is respectfully recommended that

plaintiff's motion be denied.

**BACKGROUND**

Plaintiff is suing the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division as well as two John Doe correctional officers at

the McConnell Unit who were involved in transporting him from San Antonio to

the McConnell Unit on October 23, 2007.  (D.E. 1).

An order for service of process was issued on November 18, 2008 for

defendant Nathaniel Quarterman.  (D.E. 16).  Service was executed on November

25, 2008.  (D.E. 19).  On December 29, 2008, defendant Quarterman filed an

answer.  (D.E. 21).  He had thirty days to file his answer.  Id. at ¶ 2.  Christmas

Day is a legal holiday.  Fed. R. Civ. P. 6(a)(4)(A).  Additionally, this year

President George Bush declared December 26, 2008 to be a holiday.  Fed. R. Civ.

P. 6(a)(4)(B).

On January 22, 2009, plaintiff's complaint was amended to name the two

correctional officers: Mario Gonzalez and Bonifacio Fraga, Jr.  (D.E. 42).  That

same day, an order for service of process was issued.  (D.E. 43).  These two

defendants also have until February 19, 2009 to file their answer.  Id. at ¶ 2.

Plaintiff asserts that "[t]he Court files and record herein show that the

Defendants were served by United States Marshall [sic] with a copy of summons,

and a copy of the Plaintiff's complaint and amended complaint on the 3rd day of

November of 2008."  (D.E. 20, at 1).  He further argues that "[m]ore than Twenty

(20) days have elapsed since the date on which the Defendants herein were served

with summons and a copy of Plaintiff's complaint."  Id.

## DISCUSSION

As the Fifth Circuit has established, "the entry of default judgment is

committed to the discretion of the district judge."  Mason v. Lister, 562 F.2d 343,

345 (5th Cir. 1977) (citation omitted); accord Lewis v. Lynn, 236 F.3d 766, 767

(5th Cir. 2001) (per curiam).  Furthermore, "[f]ederal courts generally disfavor

default judgments, preferring to resolve disputes according to their merits."  Harper

MacLeod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); see also Lewis, 236 F.3d at 767.

Defendant Quarterman filed an answer on Monday, December 29, 2008, thirty days after service was executed on November 25, 2008, excluding the legal holidays on December 25 and December 26.  Accordingly, it is respectfully recommended that defendant Quarterman timely filed an answer.

Defendants Gonzalez and Fraga were not named until about January 20, 2009.  Plaintiff's complaint was amended to name them as defendants on January 22, 2009.  That same day, an order for service of process was issued that required an answer be filed by February 19, 2009.  That time has not yet passed. Accordingly, it is respectfully recommended that defendants Gonzalez and Fraga have not defaulted.

## **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that plaintiff's motion for default judgment, (D.E. 20), be denied.

ORDERED this 30th day of January 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).